FILED
2005 Apr-05  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Civil Action No. CV P9-1691-NW

Plaintiff,

v.

THE CITY OF SHEFFIELD, THE
CIVIL SERVICE BOARD OF THE
CITY OF SHEFFIELD
Defendants.

## CONSENT DECREE

### I. GENERAL PROVISIONS

The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq (ADEA), guarantees that protected workers will be free from employment discrimination on the basis of age. Terry Hall, Michael Kantor and Hoyt Holman filed charges of discrimination alleging that the City of Sheffield discriminated against them in violation of the ADEA because of their age.

On June 30, 1999, the EEOC filed suit in this Court against the City of Sheffield. The EEOC alleged that The City of Sheffield discriminated against Terry Hall, Michael Kantor and Hoyt Holman by refusing to promote these three individuals into a position of Fire Captain within the City of Sheffield Fire Department because of their age. In its answer, The City of Sheffield expressly denied all claims and allegations asserted in the Complaint.

On May 3,2000, the EEOC amended its suit to add the Civil Service Board of the City of Sheffield as a defendant in this suit, alleging that the Civil Service Board was a joint employer with the City of Sheffield. In the alternative, the EEOC argued that the Civil Service Board was an agent of the City of Sheffield.

The City of Sheffield expressly denied all claims and allegations in the complaints. The

Civil Service Board denied that it was the employer of any of the firemen or anyone else, and expressly denied all claims and allegations in the complaint.

The EEOC, the City of Sheffield, and the Civil Service Board of the City of Sheffield, being aware of the risks, uncertainties and costs of continued litigation, are now desirous of resolving, through this Consent Decree, the claims asserted in the above-styled lawsuit.

This Court being fully advised of the premises of this case doth hereby Order, Adjudge and Decree as follows:

## II.  SPECIFIC PROVISIONS

A.      This Court has full jurisdiction to decide this controversy as to the EEOC, the City of Sheffield, and the Civil Service Board of the City of Sheffield. This Court expressly retains jurisdiction for the next two years for the purpose of ensuring compliance with this Decree and entry of such further orders as may be necessary to effectuate the purposes of this Decree. If no proceedings are pending at the end of this period, this decree will expire without further action by the parties or the Court. Kokkonen v. Guardian Life Insurance Co. of America. 511 U. S. 375 (1994).

B.      Nothing herein shall be deemed to be an admission by The City of Sheffield or the Civil Service Board of the City of Sheffield, that it has at any time, place or in any manner whatsoever, violated either the ADEA or any other statute, rule of law or legally binding regulation concerning Terry Hall, Michael Kantor and Hoyt Holman or any other person who has applied for employment with or been employed by The City of Sheffield or the Civil Service Board of the City of Sheffield.

C.      This Decree, being entered with the consent of the EEOC, The City of Sheffield, and the Civil Service Board of the City of Sheffield, shall not constitute an adjudication or finding on the merits of this case, nor shall it be construed as admission of fault or wrongdoing on the part of any defendant, nor shall it be used as evidence of a violation of the ADEA or any other law in any subsequent action by EEOC, or anyone else, against the City of

2

Sheffield or the Civil Service Board of the City of Sheffield, or any member, employee or agent of any defendant, except no party shall be prohibited by this provision from proceeding against any other Party for noncompliance with any provision of this Decree, or any release executed pursuant to this Decree.

D.     This Decree shall fully and finally resolve with prejudice all claims raised in the EEOC's Complaint including, without limitation, the matters alleged in the Charges of Discrimination filed by Terry Hall, Michael Kantor and Hoyt Holman with the EEOC.

E.     The City of Sheffield agrees to pay a total of Fifteen Thousand Dollars ($15,000.00) in full settlement of the claims which are the subject of this lawsuit and Consent Decree, inclusive of all attorney's fees and costs.  Checks for the following amounts will be made payable to each of the three charging parties involved in this suit as follows:

| The Estate of Terry Hall | $2,671.00 |
| Hoyt Holman | $6,164.50 |
| Michael Kantor | $6,164.50 |

These checks shall be forwarded to these three persons within ten days of the entry of this order by the Court. Copies of the checks and the letters sending them will be mailed to Naomi Hilton Archer, Senior Trial Attorney, EEOC, 1130 22nd Street, South, Suite 2000, Birmingham, AL 35205.

F.     The City of Sheffield and the Civil Service Board agree that they will not utilize age as a factor in promotion decisions except as permitted by law.

G.     Within ninety (90) days of the date on which this Consent Decree is entered by the Court, the City of Sheffield agrees to make EMT training available to Michael Kantor and Hoyt Holman. Within ten days of the City of Sheffield's receipt of certification of EMT training for Hoyt Holman, if completed within the first six months after the EMT training is offered, the City of Sheffield, by and through its agents,  agrees to recommend to the Civil Service Board of the

3

City of Sheffield that Hoyt Holman be immediately promoted to the position of Captain within the City of Sheffield Fire Department. The Civil Service Board agrees to authorize said promotion of Hoyt Holman to the position of Captain within the City of Sheffield Fire Department within ten days of the receipt of the recommendation for promotion from the City of Sheffield. The City of Sheffield agrees that upon formalization of said promotion of Hoyt Holman, he will be paid at the same rate of pay as is paid to any other individual or individuals holding the position of Captain for the City of Sheffield Fire Department.

H. The City of Sheffield and the Civil Service Board of the City of Sheffield shall, within thirty days of the entry of this order by the Court, retroactively and posthumously promote Terry Hall to the position of Captain for the City of Sheffield to the period beginning and ending on July 2nd, 1998, but no additional amount of money than the amount in paragraph E will be owed or paid to Terry Hall's estate.

I. The City of Sheffield shall, within thirty (30) days of the implementation of such actions, certify to the Commission, that the aforementioned training has been made available and the recommendations for promotion made as specified in paragraphs G and H above, and the Civil Service Board of the City of Sheffield shall certify to the Commission within thirty (30) days after promotions are made pursuant to the recommendation of the fire chief of the City of Sheffield in accordance with the provisions of paragraphs G and H above pertaining to the retroactive and posthumous promotion of Terry Hall to the rank of captain and the promotion of Hoyt Holman to the rank of captain, provided he has satisfactorily completed the required training and upon the recommendation of the fire chief.

J. Each party shall bear their own attorney's fees and costs.

ORDERED AND ADJUDGED this the __5th__ day of ___April___, 2005.

$R \rightarrow \rho$

R. DAVID PROCTOR
United States District Judge
Northern District of Alabama

4

**Agreed To**:

Counsel for Plaintiff EEOC

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507

CHARLES E. GUERRIER (OH 0023546)
Regional Attorney

MILDRED BYRD (LA 03741)
Supervisory Trial Attorney

NAOMI HILTON ARCHER
Senior Trial Attorney

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

Counsel for the City of Sheffield,

VINCENT McALISTER

ALMON, McALISTER, BACCUS
  & WORSHAM
P. O. Box 148
Tuscumbia, AL 35674

Counsel for the Civil Service Board

BRAXTON W. ASHE

ASHE & WRIGHT, PC
P. O. Box 899
Tuscumbia, AL 35674

5